## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

TONY PARKER,                  :

               :

        Claimant          :

               :

v.                      :      CASE NO. 4:10-CV-74-CDL-MSH

               :           Social Security Appeal

MICHAEL J. ASTRUE,      :

Commissioner of Social Security, :

               :

        Respondent.     :

_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Claimant's counsel's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. (ECF No. 16.) Counsel filed his motion for fees on January 12, 2011, requesting $4,180.71 for 23.8 attorney work hours at a rate of $175.66 per hour. (Br. in Supp. of Mot. for Att'y's Fees 2-3.) The Commissioner does not object to the number of attorney hours requested or the total amount of fees requested. (Comm'r's Resp. 2-7, ECF No. 17.) However, the Commissioner requests that the attorney's fees be paid directly to Claimant. (*Id.*) For the reasons discussed hereinbelow, the Court recommends that Claimant be awarded fees in the amount of $4,180.71, and that these fees be paid directly to the Claimant.

### DISCUSSION

### I.    Attorneys Fees Pursuant to the EAJA

Claimant requests attorneys fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA is not limited to Social Security actions, but

allows civil litigants to recover attorneys fees which are incurred in a case against the United States when the government's position is not substantially justified. *See Sullivan v. Hudson*, 490 U.S. 877, 883-84 (1989) (discussing purpose of EAJA). Specifically, the EAJA states in subsection (d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, from the plain language of the statute, a party is entitled to an award of attorneys' fees and expenses in a civil action against the United States if: (1) the party is a prevailing party; (2) the party has incurred those fees and/or expenses; and (3) the position of the United States was not substantially justified. *Id.*; *see also, e.g., Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010) ("Subsection (d)(1)(A) directs that courts shall award to a prevailing party . . . fees and other expenses . . . incurred by that party.") (internal quotation marks, citation, and emphasis omitted).

Here, the Commissioner concedes that Claimant is the "prevailing party," that the Claimant has incurred fees, and that the Commissioner's position was not substantially justified. (Comm'r's Resp. 2.) Consequently, the Court recommends the award of fees pursuant to the EAJA. Since the parties agree to the numbers of hours and hourly rate requested, the Court recommends that Claimant be awarded $4,180.71 for 23.8 attorney work hours at a rate of $175.66 per hour.

## II.   Proper party to receive EAJA Fees

Also at issue in this case is whether any fees awarded under the EAJA should be paid directly to the Claimant or to the Claimant's attorney.  Claimant requests that the fees be paid directly to Claimant's counsel.   (Mot. for Att'y's Fees 2.)   The Commissioner objects to this request and argues that *Astrue v. Ratliff*, – U.S. – , 130 S. Ct. 2521 (2010), requires the payment of EAJA fees to the Claimant and not the Claimant's attorney.  (Comm'r's Resp. 5-7.)  The Court agrees with the Commissioner and finds that any awarded fees should be paid directly to the Claimant.

In *Ratliff*, the Supreme Court explained that the EAJA, subsection (d)(1)(A), directs courts to award attorneys fees to the prevailing party and not to the party's attorney.  28 U.S.C. § 2412(d)(1)(A); *Ratliff*, 130 S. Ct. at 2525-26.  This was already the law in the Eleventh Circuit under *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008).   In *Reeves*, the court explained that the EAJA "unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney."  *Id.* at 735.  Consequently, pursuant to *Ratliff* and *Reeves*, an award of attorneys fees under EAJA must go to the prevailing party, here the Claimant.

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that Claimant's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) be GRANTED and that payment be forwarded to Claimant in the amount of $4,180.71.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the

Recommendation with the United States District Judge within fourteen (14) days after being served a copy.

SO RECOMMENDED, this the 24th day of October, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE